UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHEREEN BALL,

    Plaintiff,

v.                         **Case Number** <u>3-16-cv-259-CRS</u>

NAVIENT SOLUTIONS, INC.,

    Defendant.

                               /

<u>**Complaint & Jury Demand**</u>

The Plaintiff, Shereen Ball, sues Defendant, Navient Solutions, Inc., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**Introduction**

1.    The TCPA was enacted to prevent companies like Defendant, Navient Solutions, Inc. (hereinafter "Defendant"), from invading people's privacy and to prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 745 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator

Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), ""Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

**Jurisdiction & Venue**

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as in this action involves violations of the TCPA

6.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States; and, this action involves violations of 47 U.S.C. § 227(v)(1)(A)(iii).  See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     Venue is proper in this District as Plaintiff resides in this District in Bullitt County, Kentucky, the violations described in this Complaint occurred in this District and Defendant transacts business within Bullitt County, Kentucky.

**Factual Allegations**

8.     Plaintiff, Shereen Ball (hereinafter "Plaintiff") is a natural person, and citizen of the State of Kentucky, residing in Bullitt County, Kentucky.

9.     Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant is a corporate entity located at 2001 Edmund Halley Drive, Reston, Virginia 20191, is responsible for attempting to collect an alleged consumer debt from Plaintiff and is transacting business in the State of Kentucky through its registered agent, Corporation Service Company located at 421 West Main Street, Frankfort, Kentucky 40601.

11.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (502) 386-7691 (hereinafter "cellular telephone).

12.     Plaintiff was the called party and recipient of Defendant's hereafter described calls.

13.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14.     Defendant attempted to collect a debt from Plaintiff by this campaign of telephone calls.

15.     At all times material hereto, Defendant attempted to collect on a student loan, loan number  XXXXXXXXXXXX8309, (hereinafter "subject account"), which was and/or is serviced by Defendant.

16.     Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone, from approximately October 2014 through at least June 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

17.     Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone were made using an "automatic telephone dialing system" (hereinafter "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, without limitation, to a predictive dialer); and to dial such numbers as specified by 47 U.S.C §227(a)(1).

18.     Upon information and belief, each call Defendant made to Plaintiff was placed with a Noble Predictive Dialer which has the ability and capacity to place calls from a list at a high rate of speed without human intervention.

19.     Furthermore, each of the calls at issue were placed by Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20.     In or about 2008, Plaintiff procured the subject account from Defendant.

21.     In or about October 2014, Defendant initiated its campaign of phone calls to Plaintiff on Plaintiff's aforementioned cellular telephone.

22.     Upon receipt of the calls, Plaintiff's caller identification feature identified the calls were being initiated from, but not limited to, the following phone numbers:

     i.    (765) 637-0797;

    ii.   (765) 637-0784;

   iii.   (317) 550-5598;

   iv.   (317) 550-5575; and

    v.   (302) 261-5501.

23.     On or about January 2015, upon receipt of a call from Defendant, Plaintiff answered, received Defendant's pre-recorded message, held on the line to be connected to a live representative, and informed an agent/representative of Defendant's that she disputes the validity of the alleged debt, their incessant calls were harassing her, and demanded Defendant cease calls to her aforementioned cellular telephone.

24.     During the January 2015 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any perceived express consent Defendant may have believed it had to Defendant's placement of telephone calls to

Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

25.     Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone was done so without the "express permission" of Plaintiff.

26.     Despite Plaintiff informing Defendant to stop calling, Defendant's calls to Plaintiff's cellular telephone continued.

27.     Plaintiff's conversations with Defendant demanding an end to the harassment were ignored by Defendant.

28.     Defendant has made in excess of one hundred seventeen calls (117) to Plaintiff's aforementioned cellular telephone.

29.     Due to the extreme volume of calls received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call Plaintiff received from Defendant; however, the following is a sampling of the calls Plaintiff was able to maintain contemporaneously:

      i.     May 13, 2015 at 1:43 pm;

      ii.     May 13, 2015 at 5:52 pm;

      iii.     May 13, 2015 at 8:08 pm;

      iv.     May 14, 2015 at 8:26 am;

      v.     May 14, 2015 at 9:42 am;

      vi.     May 14, 2015 at 11:32 am;

      vii.     May 14, 2015 at 2:07 pm;

      viii.     May 14, 2015 at 4:04 pm;

     ix.    May 14, 2015 at 7:16 pm;

     x.    May 15, 2015 at 8:14 am;

     xi.    May 15, 2015 at 9:39 am;

     xii.    May 15, 2015 at 1:35 pm;

     xiii.    May 15, 2015 at 3:42 pm;

     xiv.    May 15, 2015 at 7:33 pm;

     xv.    May 16, 2015 at 2:45 pm;

     xvi.    May 17, 2015;

     xvii.    May 18, 2015 at 8:16 am;

     xviii.    May 18, 2015 at 10:15 am;

     xix.    May 18, 2015 at 12:51 pm;

     xx.    May 18, 2015 at 2:52 pm;

     xxi.    May 18, 2015 at 4:31 pm;

     xxii.    May 19, 2015 at 8:16 am;

     xxiii.    May 19, 2015 at 9:57 am;

     xxiv.    May 19, 2015 at 11:48 am;

     xxv.    May 19, 2015 at 2:00 pm;

     xxvi.    May 19, 2015 at 4:34 pm;

     xxvii.    May 19, 2015 at 6:57 pm;

     xxviii.    May 20, 2015 at 8:22 am;

     xxix.    May 20, 2015 at 9:44 am;

     xxx.    May 20, 2015 at 11:35 am;

xxxi.    May 20, 2015 at 1:18 pm;

xxxii.    May 21, 2015 at 8:42 am;

xxxiii.    May 21, 2015 at 10:08 am;

xxxiv.    May 21, 2015 at 1:48 pm;

xxxv.    May 21, 2015 at 3:13 pm;

xxxvi.    May 21, 2015 at 4:39 pm;

xxxvii.    May 21, 2015 at 6:41 pm;

xxxviii.    May 22, 2015 at 8:49 am;

xxxix.    May 23, 2015 at 8:42 am;

xl.    May 23, 2015 at 10:17 am;

xli.    May 23, 2015 at 11:37 am;

xlii.    May 23, 2015 at 2:57 pm;

xliii.    May 24, 2015 at 8:49 am;

xliv.    May 25, 2015 at 9:59 am;

xlv.    May 26, 2015 at 8:22 am;

xlvi.    May 26, 2015 at 9:51 am;

xlvii.    May 26, 2015 at 11:34 am;

xlviii.    May 26, 2015 at 1:48 pm;

xlix.    May 26, 2015 at 4:32 pm;

l.    May 26, 2015 at 8:31 pm;

li.    May 27, 2015 at 8:04 am

lii.    May 27, 2015 at 9:34 am;

liii.    May 27, 2015 at 11:47 am;

liv.    May 27, 2015 at 1:36 pm ;

lv.    May 27, 2015 at 6:51 pm;

lvi.    May 28, 2015 at 9:49 am;

lvii.    May 28, 2015 at 11:25 am;

lviii.    May 28, 2015 at 1:42 pm;

lix.    May 28, 2015 at 3:36 pm;

lx.    May 28, 2015 at 8:01 pm;

lxi.    May 29, 2015 at 8:19 am;

lxii.    May 29, 2015 at 9:35 am;

lxiii.    May 29, 2015 at 12:14 pm;

lxiv.    May 29, 2015 at 1:33 pm;

lxv.    May 29, 2015 at 7:46 pm;

lxvi.    May 30, 2015 at 8:23 am;

lxvii.    May 30, 2015 at 9:38 am;

lxviii.    May 30, 2015 at 10:52 am;

lxix.    May 30, 2015 at 2:52 pm;

lxx.    June 1, 2015 at 1:46 pm ;

lxxi.    June 1, 2015 at 3:42 pm;

lxxii.    June 1, 2015 at 5:52 pm;

lxxiii.    June 2, 2015 at 9:46 am;

lxxiv.    June 2, 2015 at 12:21 pm;

lxxv.    June 2, 2015 at 2:35 pm;

lxxvi.   June 2, 2015 at 4:20 pm;

lxxvii.  June 2, 2015 at 6:17 pm;

lxxviii. June 2, 2015 at 7:30 pm;

lxxix.   June 3, 2015 at 8:23 am;

lxxx.    June 3, 2015 at 10:39 am;

lxxxi.   June 3, 2015 at 12:35 pm;

lxxxii.  June 3, 2015 at 2:33 pm;

lxxxiii. June 3, 2015 at 5:27 pm;

lxxxiv.  June 3, 2015 at 6:36 pm;

lxxxv.   June 4, 2015 at 9:39 am;

lxxxvi.  June 4, 2015 at 12:27 pm;

lxxxvii. June 4, 2015 at 3:26 pm;

lxxxviii. June 4, 2015 at 5:25 pm;

lxxxix.  June 5, 2015 at 9:34 am;

xc.      June 5, 2015 at 1:32 pm;

xci.     June 5, 2015 at 3:30 pm;

xcii.    June 5, 2015 at 6:22 pm;

xciii.   June 6, 2015 at 8:18 am;

xciv.    June 6, 2015 at 9:29 am;

xcv.     June 6, 2015 at 11:36 am;

xcvi.    June 8, 2015 at 8:10 am;

xcvii.    June 8, 2015 at 10:50 am;

xcviii.    June 8, 2015 at 12:04 pm;

xcix.    June 8, 2015 at 1:30 pm;

c.    June 8, 2015 at 5:22 pm;

ci.    June 8, 2015 at 6:58 pm;

cii.    June 9, 2015 at 9:42 am;

ciii.    June 9, 2015 at 12:24 pm;

civ.    June 9, 2015 at 3:23 pm;

cv.    June 10, 2015 at 8:06 am;

cvi.    June 10, 2015 at 9:29 am;

cvii.    June 10, 2015 at 11:38 am;

cviii.    June 10, 2015 at 1:28 pm;

cix.    June 10, 2015 at 3:32 pm;

cx.    June 10, 2015 at 5:22 pm;

cxi.    June 10, 2015 at 7:26 pm;

cxii.    June 11, 2015 at 8:37 am;

cxiii.    June 11, 2015 at 10:23 am;

cxiv.    June 11, 2015 at 12:16 pm;

cxv.    June 11, 2015 at 2:19 pm;

cxvi.    June 11, 2015 at 4:15 pm; and

cxvii.    June 11, 2015 at 8:44 pm.

30.     Defendant has left dozens of pre-recorded messages at Plaintiff's aforementioned cellular telephone, including an artificial voice, demanding Plaintiff call Defendant regarding the subject account.

31.     Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling Plaintiff despite not having Plaintiff's express permission to call her aforementioned cellular telephone.

32.     Defendant has, or should be in possession and/ or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of calls it made to Plaintiff.

33.     Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendant may have believed it had to make such calls.

34.     Defendant's, corporate policy and procedures provided no means for Plaintiff to have Plaintiff's aforementioned cellular number removed from Defendant's call list.

35.     Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

36.     Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

37.     Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an

automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

38.   Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

39.   Defendant violated the TCPA with respect to Plaintiff.

40.   Defendant willfully or knowingly violated the TCPA with respect to Plaintiff.

**Count I – Violation of the TCPA**

41.   Plaintiff fully incorporates and realleges Paragraphs one (1) through forty (40) as if set forth herein.

42.   Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for calls to cease.

43.   Defendant repeated placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

44.   Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

Wherefore, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted this 4th of May 2016,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Kentucky Bar Number 96913
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tele - (407) 420-1414
bmazaheri@forthepeople.com
Counsel for Plaintiff